UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LACEY S.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. C20-936-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for a period of disability and disability insurance benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1988,[1] has a high school education, and previously worked as a teller (financial). (AR 26-27.) Plaintiff applied for a period of disability and DIB on January 1, 2018. (AR 15.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (*Id.*) On March 27, 2019, ALJ Timothy Mangrum held a hearing, taking

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

testimony from Plaintiff and a vocational expert. (AR 32-57.) On May 21, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 12-31.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since December 30, 2015, the alleged onset date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's diabetes insipidus, panic disorder, anxiety disorder, major depressive disorder, non-alcoholic steatohepatitis, adrenal insufficiency, and obesity. (AR 18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, subject to specific limitations. (AR 20.) With that assessment, and with the assistance of the VE, the ALJ found Plaintiff unable to perform past relevant work as teller (financial) but able to perform jobs existing in significant numbers in the national economy, consisting of inspector and hand packager, garment sorter, and cleaner (AR 26-27.) The ALJ

1  concluded Plaintiff was not disabled at any time from December 30, 2015, through the date of
2  decision. (AR 28.)

3        This Court's review of the ALJ's decision is limited to whether the decision is in
4  accordance with the law and the findings supported by substantial evidence in the record as a
5  whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more
6  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable
7  mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750
8  (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's
9  decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.
10 2002).

11       Plaintiff argues the ALJ erred by discounting her testimony. The Commissioner argues that
12 the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Plaintiff's Testimony</u>

14       The ALJ determined Plaintiff's medically determinable impairments could reasonably be
15 expected to cause the symptoms she alleged and therefore was required to provide "specific, clear,
16 and convincing" reasons supported by substantial evidence to discount her testimony. *Trevizo v.*
17 *Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

18       Plaintiff argues the ALJ erroneously discounted her testimony. The Commissioner
19 correctly argues the Court should affirm because Plaintiff fails to contest the rationale the ALJ
20 provided in rejecting Plaintiff's testimony. The ALJ found "the medical evidence does not
21 substantiate the claimant's allegations of disabling symptoms or limitations". (AR 21). While
22 Plaintiff had some restrictions, her allegations about her functional capacity "are not borne out by
23 the objective evidence of record, the well-considered medical opinions, or the consistency of her

own reported and demonstrated functional ability", noting that subjective complaints, by themselves, are insufficient to establish disability. The ALJ also took note of the exaggerated or inconsistent information provided by Plaintiff regarding her disability, showing the information may not be "entirely reliable", and undermining the overall reliability of her testimony. (*Id.*). discounted Plaintiff's testimony as "not entirely consistent with the medical evidence[.]" (AR 24.) (*See Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996) (ALJ may reject claimant's testimony based upon inconsistencies in her testimony and the medical record); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).)

Substantial evidence supports the ALJ's finding. The ALJ found Plaintiff's medical records showed her treating doctors consistently found Plaintiff alert, contrary to her claims of fatigue; her gait was normal and her strength, coordination, and range of motion were intact; Plaintiff denied shortness of breath when examined and her doctors assessed normal respiratory function, contrary to her claims of shortness of breath; her hospital care for vomiting was brief, her prognosis was good, and her symptoms were controlled as long as she complied with a recommended diet and medication regimen; that between 2014 and 2018 she did not report any cognitive, adaptive, or social limitations; her treating doctors typically assessed her mental status as within normal limits with no acute distress; and that her mental health symptoms were stable with medication. (AR 21-24.)

Although Plaintiff argues the ALJ erred by rejecting her testimony, she fails to challenge the ALJ's analysis or the ALJ's factual findings. Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, Plaintiff argues

in a conclusory fashion the ALJ erred, without elaboration. (*See generally Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity).) Plaintiff thus falls far short of meeting her burden to show the ALJ harmfully erred. The Court finds the ALJ's consideration of plaintiff's testimony supported by substantial evidence, and accordingly affirms the ALJ's decision.

## CONCLUSION

For the foregoing reasons, this matter is AFFIRMED.

DATED this 12th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5